### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**KAYLAN MALEXIS PAIGE**                                                          **PLAINTIFF**

**V.**                                   **CASE NO. 2:23-CV-00114 DPM-JTK**

**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**II.    Introduction:**

Plaintiff, Kaylan Malexis Paige ("Paige"), filed applications for disability benefits and supplemental security income on May 30, 2019. (Tr. at 15). In the applications, she alleged that her disability began on April 30, 2019. *Id*. The

1

applications were denied initially and upon reconsideration. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Paige's claim in a written decision dated August 16, 2021. (Tr. at 15-22). The Appeals Council denied Paige's request for review of the hearing decision on June 13, 2022. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Paige has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III.   **The Commissioner's Decision**:

The ALJ found that Paige had not engaged in substantial gainful activity since the alleged onset date of April 30, 2019.[1] (Tr. at 17). Paige worked for minimal income during the relevant time-period. *Id*.

The ALJ found, at Step Two, that Paige has the following medically determinable impairments: benign brain tumor with hydrocephalus, obesity, and astigmatism. (Tr. at 18). Next the ALJ determined that Paige did not have an impairment or combination of impairments that significantly limited the ability to

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

perform basic work-related activities for 12 consecutive months. *Id.* That is, Paige did not have a severe impairment, or severe combination of impairments.[2]  Based on this Step Two determination, the ALJ held that Paige was not disabled. (Tr. at 22).

## IV.  **Discussion**:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of

---

[2] The ALJ still posed multiple hypotheticals to a Vocational Expert ("VE") based on the opinions of Disability Determination Services ("DDS") medical experts, and the VE determined that there were jobs in the national economy that Paige could perform. (Tr. at 22, 56-57). Although the ALJ took this extra step to determine Paige was not disabled, he was not required to do so.

administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.    Paige's Arguments on Appeal

Paige contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) ALJ should have found that her impairments to be severe at Step Two; and (2) the ALJ should have considered a brief that Paige's counsel submitted fewer than five days before the hearing.

Paige had symptoms related to pseudotumor cerebri.[3]  (Tr. at 19-20, 243, 359-

---

[3] "Pseudotumor cerebri occurs when the pressure inside your skull (intracranial pressure)

4

362). These symptoms included mild vision loss and headaches. (Tr. at 359-362). A head CT indicated no acute findings. (Tr. at 458). Paige's conditions improved with shunt valve replacements, which were placed in 2017. (Tr. at 359-361, 408-410, 460-461, 506). Paige told her neurosurgeon in 2018 that she was "back to normal." (Tr. at 506). That doctor noted that the shunting was functioning well. (Tr. at 506-507). She was to return to normal activity. (Tr. at 409). Moreover, any vision complaints were resolved with prescribed glasses. (Tr. at 603-604, 775). In 2019, Paige said that headaches were not as troubling as before the shunting. (Tr. at 775). She also denied vision changes. (Tr. at 636, 769). In December 2019, a consultative examiner determined that Paige had no functional limitations. (Tr. at 825-828). Paige did not seek out regular treatment after 2019, but in May 2021 she denied headaches and dizziness. (Tr. at 869).

The DDS medical experts reviewed the records and found that benign brain tumor was a severe impairment. (Tr. at 71-73, 95-98). The ALJ found these opinions to be unpersuasive because they did not provide reasons for discounting the consultative examiner's opinion that Paige had no functional limitations. (Tr. at 20-22). And Paige did not seek out regular medical treatment for symptoms after August

---

increases for no obvious reason. It's also called idiopathic intracranial hypertension. Symptoms mimic those of a brain tumor." https://www.mayoclinic.org/diseases-conditions/pseudotumor-cerebri/symptoms-causes/syc-20354031

2019. (Tr. at 21). As well, any visual disturbances were improved with glasses. Finally, Paige worked during the relevant time-period, which suggests that she did not have disabling conditions. (Tr. at 17).

At Step Two, the ALJ makes a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id*. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

In this case, Paige's symptoms were not interfering with ability to function, medical visits were infrequent, and treatment improved Paige's conditions. She had multiple occasions of telling her doctors she had no complaints. Paige said she could prepare meals, shop in stores, and socialize. (Tr. at 265-269). She did not seek medical care for her alleged conditions after August 2019. The consultative examiner found no significant functional limitations. The record simply does not suggest that her impairments were severe.

The Eighth Circuit has held that an impairment is non-severe if it causes no more than slight abnormalities that do not significantly limit basic work. See

6

*Anderson v. Sullivan*, 1993 U.S. App. LEXIS 301 *6-7 (8th Cir. 1993); *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In the *Anderson* case, where the claimant did not seek regular medical care, treatment was conservative, and the claimant could perform daily activities, the Court affirmed the ALJ's Step Two denial of benefits (the finding that there were no severe impairments). *Id*.

Paige also asserts that the ALJ should have considered a brief from her counsel that was submitted fewer than five days before the hearing. (Tr. at 15). The ALJ received the brief but elected not to make it part of the record. *Id*. The claimant must establish that there are extenuating circumstances which prevented her from submitting evidence timely (at least five days before the hearing). 20 C.F.R. §§ 404.949, 416.1449. Paige has not demonstrated that the five-day rule should be excused. The ALJ did not err in not admitting the brief.

## V.   <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly found that Paige had no severe impairments. The finding that Paige was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 3rd day of January 2024.

_____
UNITED STATES MAGISTRATE JUDGE